UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JOSEPH C. MCCORMICK and
MARY C. MCCORMICK,

           Plaintiffs,

   v.                                    Case No. 12-CV-763

INDEPENDENCE LIFE AND ANNUITY
COMPANY,

           Defendant.

## DEFENDANT INDEPENDENCE LIFE AND ANNUITY COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs' motion ("Motion") fails to satisfy the stringent standard for a Rule 59(e) motion for reconsideration. After multiple rounds of briefing, the Court carefully considered Plaintiffs' claims in its Order of March 18, 2014, dismissing the complaint (ECF No. 42) ("Order"). Unwilling to accept the failure of their flawed interpretation of the insurance policy ("Policy"), Plaintiffs now repeat the same arguments that the Court previously rejected, and advance new arguments that were waived by Plaintiffs' failure to sufficiently raise them in their opposition to the Motion to Dismiss.

**ARGUMENT**

A Rule 59(e) motion for reconsideration requires the discovery of new evidence, an intervening change in the controlling law, or a "manifest error of law" by the court. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *Everson v. City of Weyauwega*, No. 12-C-0857, 2014 WL 197905 (E.D. Wis. Jan. 15, 2014) (Griesbach, J.). Here, Plaintiffs have not presented

newly discovered evidence or an intervening change in the law. Rather, they urge the Court to reconsider its Order based on purported errors of law.[1] However, no such errors exist.

"A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Moreover, Rule 59 "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Nor should Rule 59 be used to present evidence that was available earlier or attempt to correct a party's own procedural errors. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 730 (7th Cir. 1999); *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him"). Consequently, Rule 59(e) motions should be "rare" not only in terms of being brought, but also in terms of being granted. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Because Plaintiffs fail to demonstrate that they satisfy the strict Rule 59(e) standard, the Court should deny the Motion.

## I. Plaintiffs' Newfound Argument That The Prospectus Was Incorporated Into The Contract Fails

On the instant Motion, Plaintiffs for the first time argue that the prospectus was incorporated in the Policy. This argument has three flaws.

---

[1] Reconsideration of a motion to dismiss cannot be based upon an error of fact where, as here, there are no factual findings. Plaintiffs' Motion should be rejected out of hand for their wholesale failure to cite any law in support of their motion. In raising three arguments, Plaintiffs fail to cite any law to support the first two, and cite only generic legal principles purportedly governing the interpretation of ambiguous contracts in support of the third.

*First*, Plaintiffs waived this argument by failing to adequately raise it in their Opposition to Independence's Motion to Dismiss ("Opposition") (ECF No. 36). *See Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004) ("Arguments raised for the first time in connection with a motion for reconsideration . . . are generally deemed to be waived"); *see also LB Credit Corp.*, 49 F.3d at 1267; *Frietsch v. Refco, Inc.*, 56 F.3d at 828. In their pleading and in multiple rounds of briefing, Plaintiffs never claimed that the prospectus was incorporated by reference into the Policy. The Amended Complaint never alleges incorporation and explicitly belies any such claim. *See* Am. Compl. ¶ 28 ("the Policy, as explained in the prospectuses . . ."). Similarly, Plaintiffs stated in their Opposition only that "[t]he [p]rospectus, which was referenced in the Policy application that is incorporated into the Policy, is entirely consistent with the Policy." Opposition at 11.[2] Plaintiffs never argued that the prospectus, standing alone, was incorporated into the Policy, never cited the prospectus as providing operative Policy language, and instead argued solely that the prospectus was "consistent" with and "explains" Policy terms. *See id.*; *see also* Opposition at 4 ("The [p]rospectus, which is consistent with the Policy, explains . . ."); 11 ("the [p]rospectus . . . is not inconsistent with the Policy"); 14 ("This is consistent with the Policy and consistent with the [p]rospectus."); 17 ("The Policy is clear and the [p]rospectus, as alleged, is consistent with the Policy . . ."). Even if Plaintiffs' vague mention of the Policy application's reference to the prospectus was sufficient to raise the issue, which it is not, it is insufficient to preserve the novel argument that they have now belatedly developed in their Motion. It is improper for Plaintiffs to use their motion for reconsideration to develop arguments that they should have made at the briefing stage. *See Studio & Partners, s.r.l. v. KI*, No. 06-C-0628, 2008 WL 426496, at *13 (E.D. Wis. Feb. 14, 2008) (Griesbach, J.) ("[w]hen rendering

---

[2] Out of an abundance of caution, Independence responded in its Reply to this statement. Reply In Support of Def.'s Motion to Dismiss the Amend. Compl. (ECF No. 41) at 8 n.9.

judgment, district courts should be able to assume that a litigant has *fully stated his position*; rules of waiver operate to enforce this result") (emphasis supplied).

*Second*, despite Plaintiffs' failure to preserve the incorporation issue, the Court properly recognized that the prospectus is not incorporated into the Policy. Order at 7 n.2 ("The prospectus does not appear to be incorporated into the policy itself"). Plaintiffs have not provided any additional reasoning for the Court to revisit its ruling. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("Rule 59 is not a vehicle for rearguing previously rejected motions . . .").[3]

Mere mention of the prospectus in the Policy does not incorporate it by reference, particularly when the Policy expressly states that it, together with the application, constitute the entire contract. Policy at 4 ("This policy and the attached application and papers is the entire contract"). "Mere reference to another contract or document is not sufficient to incorporate its terms into a contract. There must be an express intent to incorporate, and there is no such expression here." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 664-66 (7th Cir. 2002) (overturning District Court's ruling under Illinois law that an Arbitration Agreement incorporated another document by reference); *Leannah v. Alliant Energy Corp.*, 607 F. Supp. 2d 946, 953 (E.D. Wis. 2009) (concluding that mere references to other contracts was insufficient to incorporate them by reference but deeming them incorporated under a separate doctrine).

Regardless, even if mere reference to certain parts of the prospectus were sufficient to incorporate *those specific terms referenced*, Plaintiffs' incorporation claim fails because they cannot identify any reference in the Policy that incorporates the section of the prospectus that

---

[3] Plaintiffs' reliance on alleged interrogatory responses is misplaced. Responses to interrogatories are not properly considered on a motion to dismiss. *Edmonds v. Operating Engineers Local 139*, No. 08-CV-567-BBC, 2009 WL 56929, at *1 (W.D. Wis. Jan. 7, 2009) ("Generally, a court cannot consider documents outside the pleadings in deciding a motion to dismiss under Rule 12(b)(6)").

- 4 -

discusses the relevant loan provision. *See* 11 Williston on Contracts § 30:25 (4th ed.) ("It is not necessary to refer to or incorporate the entire document; if the parties so desire, they may incorporate a portion of the document."); 17A Am. Jur. 2d Contracts § 391 ("If, in a written contract, a reference is made to another writing for a particularly designated purpose, the other writing becomes a part of the contract only for the purpose specified . . .").

Because the Policy does not incorporate the prospectus by reference, as this Court properly held, the prospectus is irrelevant to the Plaintiffs' now-rejected contract claims. Wisconsin courts do not look outside the four corners of contracts that are unambiguous on their face. *NBI, Inc. v. Gulf Ins. Co.*, No. 03-C-0265-C, 2004 WL 420159, at *1 (W.D. Wis. Feb. 23, 2004) (citing *Energy Complexes, Inc. v. Eau Claire County*, 152 Wis.2d 453, 467–68, 449 N.W.2d 35 (1989)); *Quad/Graphics, Inc. Health & Welfare Plan v. Zamzow*, No. 11-C-268, 2011 WL 4344250, at *1 (E.D. Wis. Sept. 14, 2011) ("If the contract is unambiguous, our attempt to determine the parties' intent ends with the four corners of the contract") (quoting *Huml v. Vlazny*, 293 Wis.2d 169, 716 N.W.2d 807, 820 (Wis. 2006)).

*Finally*, even if the prospectus were incorporated into the Policy, the result would not change. The Opposition described the prospectus as "entirely consistent with the Policy," in the context of noting that the *application* incorporated into the Policy merely "referenced" the prospectus. Opposition at 11. Thus, as this Court previously recognized, Plaintiffs' Opposition "[did] not rely on the prospectus for any contract rights, but merely as evidence that their interpretation of the policy itself is correct." Order at 7 n.2. Plaintiffs' Motion fails to describe how this conclusion or the Policy interpretation would change if the prospectus was incorporated.

**II.  This Court Should Not Reconsider The Arguments That Plaintiffs Reassert Concerning Transfers Of Funds From The Sub-Accounts To The General Account**

Despite Plaintiffs' assertion that they "do not intend to reargue points previously made" in their Opposition (Motion at 2), they resort to rehashing an argument that this Court already rejected. *See* Order at 5-7. Specifically, they reargue that the Policy does not "provide Independence with the authority to annually 'transfer' amounts from Plaintiffs' sub-accounts to secure annual interest charges." Motion at 4; *compare* Motion at 3-6 *with* Opposition at 3 ("The Policy does not authorize Defendant to transfer assets from the [s]ub-[a]ccounts for annual interest . . ."). This, however, is not an appropriate use of Rule 59(e) because "motions after judgment are not an invitation to create an echo chamber to revisit and re-explore the same issues and arguments." *Kaeser Compressors*, *Inc. v. Compressor & Pump Repair Servs.*, *Inc.*, No. 09-C-521, 2011 WL 3881017, at *2 (E.D. Wis. Sept. 2, 2011) (Griesbach, J.).

Again, even if the Court were to reconsider these arguments, the result would not change. The Policy expressly permits Independence to transfer assets from the sub-accounts to the general account as collateral for a policy loan. Policy at 8 ("Assets equal to the amount of the loan will be taken by proportion from the [s]ub-[a]ccounts . . . [and] will be transferred to our general account and will earn interest at the rate of 4% a year"); Order at 5-6. Interest on the loan accrues at 4.7%, and unless Plaintiffs pay the interest (*i.e.*, write a check to Independence) "by the end of the policy year, it will be added to the principal of the loan and will bear interest." Policy at 8. This compounding—expressly provided for by the Policy—increases the amount of the loan such that Independence must transfer to the general account whatever additional assets are necessary to "equal the amount of the loan" so that they are immune from market risk. *Id.* This need for protection applies with equal force to the funds that were part of Plaintiffs' initial

loan as it does to funds that are added to the loan balance as the result of Plaintiffs' nonpayment of interest.

Without citing any Policy language, Plaintiffs argue that Independence is only permitted to transfer an amount equivalent to the *initial loan*. As this Court recognized, however, this claim is contravened by express Policy language providing that if "interest is not paid by the end of the policy year, it will be added to the principal of the loan and will bear interest" (Order at 4, 6 (quoting Policy at 8)) and that "[a]ssets equal to the amount of the loan . . . will be transferred to [Independence]'s general account." Policy at 9. The Court rightly concluded that "[t]his clause would make no sense under Plaintiffs' reading, because under their reading the interest is *automatically* paid through deductions from sub-accounts." Order at 6 (emphasis added).

Moreover, Plaintiffs' interpretation defies logic. If the Policy operated as they suggest, interest on loans that were not paid each year would never compound, and a Policy Loan would be subject only to a one-time interest charge of 0.7%.[4] "[W]here the allegations of a pleading are inconsistent with the terms of a written contract attached as an exhibit, the terms of the latter, fairly construed, must prevail over the averments differing therefrom." Order at 2-3 (quoting *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 529 (7th Cir. 1999).

Further, Plaintiffs' claim that Independence "breached the policy by adding annual interest to the principal of the loan *even though Plaintiffs paid* the annual interest charges," (Opposition at 2 (emphasis added)), fails regardless of whether Independence was permitted to transfer additional assets to the general account. As the Court correctly held, the interest was not paid by transferring assets from the sub-accounts to the general account because they "remain[]

---

[4] Plaintiffs' citation to testimony purportedly offered by Independence's expert fails to save their case because, as Independence noted it its Reply, deposition testimony is not appropriately part of the Rule 12(b)(6) record. *Edmonds v. Operating Engineers Local 139*, No. 08-CV-567-BBC, 2009 WL 56929, at *1 (W.D. Wis. Jan. 7, 2009) ("Generally, a court cannot consider documents outside the pleadings in deciding a motion to dismiss under Rule 12(b)(6)").

- 7 -

Case 1:12-cv-00763-WCG   Filed 05/05/14   Page 7 of 9   Document 49

part of the policy's cash value, *not* part of [Independence]'s own assets." Opinion at 5-7. In fact, the transferred amount then *pays Plaintiffs 4% interest*, confirming that it has not been paid to Independence. *Id.* at 6 (quoting Policy at 9). "Because the interest has not been paid, [Independence] was entitled to charge interest on the unpaid interest." *Id.* at 7. Consequently, Plaintiffs were not overcharged interest on the loans, and their claims were appropriately dismissed. *Id.* ("Because funds transferred [by Independence] were not interest payments, Plaintiffs' theories of liability fail").

Plaintiffs' entire premise that the "policy expressly provides that the effective rate on a policy loan will be 0.7%" fails. The Policy provides no such guarantee and Plaintiffs cite no language to that effect.[5] Instead, as the Court correctly recognized, the Policy provides that 4.7% interest will be charged on policy loans but will be partially offset by 4% crediting on the loan balance that is transferred to the general account. Order at 3. This leads to a net cost of borrowing of 0.7%. However, the Policy also "requires that the interest be paid annually, or else 'it will be added to the principal of the loan and will bear interest.'" *Id.* (quoting Policy at 9). Plaintiffs failed to pay the interest, so, as the Court correctly concluded, "[b]ecause the interest had not been paid, [Independence] was entitled to charge interest on the unpaid interest—as the policy itself warned—resulting in an effective rate of interest higher than 0.7%." *Id.* at 7.

That the Plaintiffs are unable to find support in the Policy for an interpretation contrary to its plain language does not render the Policy ambiguous, as they suggest. Motion at 5. Instead, that just reinforces the futility of their argument. Independence's motion to dismiss was driven by the plain language of the Policy providing that the amount of the loan is transferred into the general account, interest is paid to the policy holder on the amount held in the general account,

---

[5] Indeed, Plaintiffs admit that the Policy never mentions an effective interest rate of 0.7%. Rather, Plaintiffs have calculated the purported effective interest rate by subtracting "the 4% credit on the funds taken from Plaintiffs' sub-accounts to cover the initial loan amount [from the] 4.7% charged on the policy loan." Motion at 5 n.1.

- 8 -

and unpaid policy loan interest "will be added to the principal of the loan and will bear interest." *See* Order at 5-7 (quoting Policy at 9). Plaintiffs offer no plausible alternative interpretation supported by the Policy. Plaintiffs cannot create an ambiguity which does not exist.[6]

## CONCLUSION

For all of the foregoing reasons, the Court should deny Plaintiffs' Motion for Reconsideration and grant any further relief that the Court deems appropriate.

MICHAEL BEST & FRIEDRICH LLP

By: S/ Paul E. Benson
Paul E. Benson, Esq., SBN 1001457
pebenson@michaelbest.com
Zachary J. Watters, Esq., SBN 1082178
zjwatters@michaelbest.com
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
Tel.: (414) 271-6560
Fax: (617) 277-0656

WILMER CUTLER PICKERING
HALE AND DORR LLP

Andrea J. Robinson
andrea.robinson@wilmerhale.com
Timothy Perla
timothy.perla@wilmerhale.com
Seth B. Orkand
seth.orkand@wilmerhale.com
60 State Street
Boston, MA 02116
Tel.: (617) 526-6000
Fax: (617) 526-5000

*Attorneys for Defendant Independence Life and Annuity Company*

---

[6] Because Plaintiffs ignore the plain language of the Policy (which does not include the prospectus), it is a red herring for them to suggest that the Court wrongly "resolved ambiguities in favor of Defendants as opposed to Plaintiffs" based on a claim that "the lack of any provision in the policy to support Independence's interpretation creates an ambiguity, which must be resolved in favor of Plaintiffs' interpretation and consistent with the prospectus, and against the drafter—Independence." Motion at 2, 5.

- 9 -