UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH C. MCCORMICK, et al.,

        Plaintiffs,

v.                                            Case No. 12-C-763

INDEPENDENCE LIFE AND ANNUITY CO.,

        Defendant.

---

## ORDER

---

Following remand from the court of appeals, Plaintiffs filed a motion to remand the case to state court, where the action originated. The Defendant opposes the motion on the grounds that the Seventh Circuit's order found Plaintiff's claims frivolous and remanded the case "with instructions to dismiss for lack of subject matter jurisdiction." (ECF No. 61-1 at 6.)[1]

Contrary to the Defendant's claim, however, the court of appeals did not address the merits of the claims, save for the securities claim and a portion of the basis for damages. The point of that court's opinion was to *avoid* reaching the merits except inasmuch discussion of the merits was necessary to address aspects of the amount in controversy. Therefore, when the court instructed to "dismiss" the lawsuit, it was not making any judgment about the case's merits.

Similarly, given that the "dismissal" is grounded on a lack of jurisdiction, the difference between a remand and a "dismissal" is largely a semantic one. In fact, "dismissing" a case for lack

---

[1] It is not clear why the Defendant opposes remand. The Plaintiff speculates the Defendant might have a statute of limitations defense or, as it is now doing, it might suggest that somehow the court of appeals deemed the claim worthy of dismissal on its merits.

of jurisdiction simply means a court is ending its involvement in the action given that it has no jurisdiction to hear the matter. "[A] federal court does not have the authority to dismiss a claim over which it never had jurisdiction in the first instance." *Smith v. Wisconsin Dep't of Agric., Trade & Consumer Prot.,* 23 F.3d 1134, 1139 n.10 (7th Cir. 1994). And the removal statute itself supports remand, rather than dismissal. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447. Even though it is now *after* final judgment, that judgment has been vacated.

In short, the point of the Seventh Circuit's remand was that federal courts lack jurisdiction because the amount in controversy was too low. The directive to "dismiss" the case for lack of jurisdiction was an order to end this court's involvement in hearing the merits of the dispute, and such a dismissal can be accomplished through a remand to state court. Because remand is the typical practice, and because § 1447 strongly suggests remand is mandatory, the motion is **GRANTED** and the case is **REMANDED** to Brown County Circuit Court.

Dated this 15th day of September, 2015.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court